UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ZAHID N. QURAISHI<br>UNITED STATES DISTRICT JUDGE | U.S. COURTHOUSE<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

July 22, 2022

## LETTER OPINION

Re:   US HEALTH AND HOSPITAL SUPPLY CORP. v. MAMAOIL EOOD, et al.
      Civil Action No. 21-00589 (ZNQ)(LHG)

Dear Counsel:

This matter comes before the Court by Plaintiff US Health and Hospital Supply Corp. ("Plaintiff") Motion to Continue the Case. (ECF No. 9.) The substance of Plaintiff's motion is relatively straightforward: it contends, pursuant to Fed. R. Civ. P. 60(b)(6), the Court reinstate its previously dismissed Complaint because it was "attempting to locate some of the unserved Defendants." (*Id.* at 7–9.) Plaintiff further contends were the Court to reinstate the Complaint, Defendants will not be prejudiced. (*Id.* at 9.) Plaintiff's motion to continue the case was filed in response to a prior Order for Dismissal the Court entered. (ECF No. 8.) The Court's prior Order dismissed the Complaint under L. Civ. R. 41.1(a) for inactivity. (*Id.*) Having reviewed the action to reinstate carefully, and for the reasons set forth below, the Court will dismiss the motion with prejudice.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby,* 545 U.S. 524, 528 (2005). "Rule 60(b)(6) provides a catchall provision, permitting relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Nonetheless, a party seeking relief under this catchall provision "must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008). To meet this standard, the circumstances "must show that the movant was faultless in the delay." *Gallagher v. Farm Fam. Ins. Co.*, Civ. No. 14-2533, 2016 WL 158520, at *2 (D.N.J. Jan. 12, 2016) (citing *Pioneer Inv. Serv's. Co. v. Brunswick Ass's Ltd. Partnership.* 507 U.S. 380, 393 (1993)). "[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds, Inc.*, 536 F.3d at 255; *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112–13 (3d Cir. 2015). The "extraordinary circumstances" requirement rule is in place "in order to balance the broad language of Rule 60(b)(6)." *Id.* A party may not use Rule 60(b)(6)'s catchall provision to "escape the consequences" of their decisions. *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 274 (3d Cir. 2002).

Here, Plaintiff has not provided the Court with sufficient justification for it to overturn its dismissal of the case. Plaintiff's sole reason for the delay—that it was attempting to locate unserved defendants—does not meet the high standard set under Rule 60(b)(6). Plaintiff's rationale falls outside the bounds of "extraordinary circumstances" the Third Circuit described. *Budget Blinds, Inc.*, 536 F.3d at 255. From the Court's perspective, Plaintiff was not faultless in the delay. *Gallagher*, 2016 WL 158520, at *2. The

reason Plaintiff professed for the delay seems, in part, attributable to Plaintiff's fault because it could have sought to find the unserved Defendants earlier. Moreover, Plaintiff did not prosecute its case for over ninety days, and, on June 29, 2021, the Court entered a notice of call for Plaintiff to prosecute its case or risk dismissal. (ECF No. 7.) Thereafter, Plaintiff failed to respond, and the Court dismissed its case without prejudice. (ECF No. 8.) Months after the Court's dismissal, Plaintiff sought to reinstate its case with reasons that are less than compelling. Therefore, the Court concludes that the Motion to Continue the Case will not be granted. The Court hereby DISMISSES this matter WITH PREJUDICE. The Clerk's Office is instructed to mark this case CLOSED.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**